**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Curnez Ellerbee, Appellant.

Appellate Case No. 2019-000910

_____

Appeal From Richland County
DeAndrea G. Benjamin, Circuit Court Judge

_____

Unpublished Opinion No. 2022-UP-117
Submitted January 1, 2022 – Filed March 23, 2022

_____

**AFFIRMED**

_____

Appellate Defender Joanna Katherine Delany, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Joshua Abraham Edwards, both of Columbia, for Respondent.

_____

**PER CURIAM:** Curnez Ellerbee appeals his conviction for evasion of a tax or payment and sentence of three years' imprisonment, suspended upon five years' probation, terminable upon payment of $3,000 restitution. On appeal, Ellerbee argues the trial court erred by charging the jury on willfulness arising from an

omission or failure to act when tax evasion requires proof of a willful affirmative act.

Considering the jury charge in its entirety, we hold the trial court did not abuse its discretion because it instructed the jury on the current and correct law for tax evasion. Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Adkins*, 353 S.C. 312, 318, 577 S.E.2d 460, 463 (Ct. App. 2003) ("In reviewing jury charges for error, [an appellate court] must consider the court's jury charge as a whole in light of the evidence and issues presented at trial."); *State v. Mattison*, 388 S.C. 469, 479, 697 S.E.2d 578, 584 (2010) ("An appellate court will not reverse the trial [court]'s decision regarding a jury charge absent an abuse of discretion."); *id.* at 479, 697 S.E.2d at 583 ("The trial court is required to charge only the current and correct law of South Carolina."); S.C. Code Ann. § 12-54-44(B)(1) (2014) ("A person who wilfully attempts in any manner to evade or defeat a tax or property assessment imposed . . . is guilty of a felony . . . ."); *State v. Sowell*, 370 S.C. 330, 336, 635 S.E.2d 81, 83 (2006) ("A willful act is defined as one 'done voluntarily and intentionally with the specific intent to do something the law forbids . . . .'" (quoting *Spartanburg Cnty. Dep't of Social Servs. v. Padgett*, 296 S.C. 79, 82-83, 370 S.E.2d 872, 874 (1988))); *State v. Zeigler*, 364 S.C. 94, 106, 610 S.E.2d 859, 865 (Ct. App. 2005) ("If, as a whole, the charges are reasonably free from error, isolated portions which might be misleading do not constitute reversible error.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., MCDONALD, J., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.